# FAME INSURANCE COMPANY

## v.

# DAVID J. THOMAS, use, etc.

1.  AMENDMENTS—LIMITATIONS.—A suit originally brought in the name of A for the use of B, the action being to recover upon a policy of insurance, B being an incumbrancer to whom the loss is to be paid according to his interest, and afterward amended so as to make A the sole party plaintiff, is substantially the same cause of action, and if originally commenced in due time, is not affected by an amendment so as to bring it within a clause in the policy of insurance limiting the right to bring such actions to twelve months after the loss occurs.

2.  Identity of action—Decision of trial court conclusive.—The statute relating to amendments makes the decision of the court allowing the amendment conclusive evidence of the identity of the action.

3.  Insurance broker—Whether agent of insurer or insured.— Where a person acts as insurance broker, not being the regular agent of a company, while he may not be regarded as the agent of either insurer or insured, if the insured first placed in his hands a written application for insurance. thereby investing him with an *indicium* of agency, he is bound by the statements contained in the application, whether inserted therein by himself or such broker, and he can not be heard to say that the broker was agent of the insurer and not his own.

4.  Insurance—Concealment in application.—A misrepresentation or concealment, in an application for insurance, of a fact about which specific inquiry is made, though not materially affecting the risk, will have the same effect in exonerating the insurer as if the fact had been material. This rule applies particularly to written inquiries referred to in the policy, and especially so where by the terms of the policy the application is made a part of the contract and a warranty by the injured.

Appeal from the Superior Court of Cook county; the Hon. Sidney Smith, Judge, presiding. Opinion filed March 22, 1880.

This cause was before this court at the October term, 1879, under the title of Fame Insurance Company v. Mann et al., at which time a judgment against the insurance company was reversed for the reasons stated in the opinion then filed. 4 Bradwell, 485. It appears by the present record that the suit was commenced on the 26th day of September, 1876, by David J. Thomas, for the use of Joseph Mann and Henry Mann, and that on the 18th day of November, 1876, on motion of the plaintiff's attorney, all the papers and proceedings were amended by making Joseph Mann and Henry Mann the plaintiffs. After the former judgment was reversed, and the cause reinstated in the court below, a further order was entered on motion of the plaintiff's attorney, restoring the name of David J. Thomas, for the use of Joseph Mann and Henry Mann, as plaintiff, and at the same time the declaration was amended by leave of the court, by the addition of a count in *indebitatus assumpsit*, for money had and received. To the declaration, thus consisting of a special count for a loss under a policy of insurance and said new count, the defendant pleaded *non as-*

Fame Ins. Co. v. Thomas.

*sumpsit;* and also a special plea setting up a condition of the policy, limiting the time for the commencement of an action for the recovery of any loss to the property insured, to twelve months next after the same should occur, and averring that this suit was not commenced by said plaintiff, within twelve months next after the occurrence of the loss sued for. The plaintiff replied that the suit was commenced by said plaintiff, within twelve months next after said loss; and upon the issues thus formed, a trial by a jury was had, resulting in a verdict in favor of the plaintiff, for $1,272.50, and the court, after overruling the defendant's motion for a new trial, gave judgment on the verdict for the plaintiff.

Among the various conditions of said policy were the following:

"Applications for insurance on property must be in writing, and must specify the construction and materials of the building to be insured, or containing the property to be insured, by whom occupied, whether as a private dwelling or how otherwise, its situation with respect to contiguous buildings, and their construction and materials, and whether any manufacturing is carried on within or about it, * * * * and such survey and description shall be taken and deemed to be a part and portion of the policy issued thereon, and a warranty on the part of the insured.

"If any person effecting insurance in this company, shall make any misrepresentation or concealment touching the risk to be assumed, * * * * this policy shall be void."

Said policy was issued upon a written application signed by the plaintiff, and in said application, immediately preceding the several interrogatories and answers therein contained, was the following:

"The applicant will answer the following questions, and sign the same, as descriptive of the premises, and forming a part of the contract of insurance, and a warranty on his part."

Among the various questions and answers contained in the application were these:

"Name the property? Clothes-pin and broom-handle factory

What is the precise kind of goods made, and of what material? Clothes-pins and broom-handles."

The proof as to the circumstances of the making of the application, its transmission to the defendant, and the execution of the policy, was substantially the same as set forth in the opinion filed on the former appeal, and need not be repeated.

The evidence shows that, at the date of the application, and from thence up to and at the time of the loss, a part of the building insured was occupied and used by the plaintiff as a shingle factory. The agents of the defendant are not shown to have had any knowledge or notice of such occupancy until after the loss, which occurred May 26, 1876.

The defendant asked the court to give to the jury the following instructions:

1. "The jury are instructed that this suit was commenced by the present plaintiff on the fourth day of February, 1881, and if the jury believe from the evidence that the loss under the policy in suit occurred more than one year before that date, then the plaintiff can not recover.

2. "The jury are instructed that the application upon which the policy of insurance in suit was issued, is expressly made a part of the contract and a warranty, and if the application fails to state that the property insured was used for a shingle mill, as well as for a clothes-pin and broom-handle factory, and the jury find from the evidence that it was so used, and neither the defendant nor its agents knew of this fact before the fire, then it makes no difference whether the fact that there was a shingle mill there increased the risk or not, and there can be no recovery in this case.

3. "If the jury believe, from the evidence, that there was a shingle mill connected with the premises insured, and that this fact was not disclosed by the application upon which the policy in suit issued, and was not known to the defendant at the time the policy was issued, or at any time before the fire, then the plaintiff can not recover.

4. "If the jury believe from the evidence that the plaintiff Thomas, gave his application to L. M. Taylor before Taylor received the policy in suit, and that Taylor forwarded said application and received the policy thereon, then Taylor was the agent of Thomas in the transaction, and not the agent of the

defendant company, and if Taylor knew that there was a shingle mill in the building insured, and failed to state it in the application, Thomas, the plaintiff, must suffer the consequences, and not the defendant; and if the jury find from the evidence, under the instructions given by the court, that Taylor was the agent of Thomas, then Thomas is bound by what Taylor put into the application, whether he read it or not."

The court refused to give to the jury the first and second of the foregoing instructions, but gave the third and fourth, after having so modified them as to make them read as follows:

3. " If the jury believe from the evidence that there was a shingle mill connected with the premises insured, at the time the application was signed by plaintiff, and that this fact was not disclosed by the application upon which the policy in suit was issued, or at any time before the fire, and that the existence and use of said shingle mill materially affected the risk under said policy; and if the jury further believe from the testimony in this cause that the plaintiff, Thomas, or his agent, intentionally suppressed from his written application the fact of the existence and use of said shingle mill, knowing it to be material to said risk, then the plaintiff can not recover.

4. " If the jury believe from the evidence that the plaintiff, Thomas, gave his application to L. M. Taylor before Taylor received the policy in suit, and that Taylor received said application, and received the policy thereon, then Taylor was the agent of Thomas in the transaction, and not the agent of the defendant company; and if Taylor knew that there was a shingle mill in the building insured, and intentionally failed to state it in the application, knowing it to be material to the risk; and if the jury further find from the evidence, under the instructions given by the court, that Taylor was the agent of Thomas, then Thomas is bound by what Taylor put into the application, or omitted therefrom, whether he read it or not, to the same extent as though the plaintiff had himself, in person, made out the application."

The decisions of the court in relation to the giving and refusing of instructions to the jury, were duly excepted to by the defendant, and are now assigned for error.

Messrs. GRANT, SWIFT & BRADY, for appellant; that the present suit was barred by the limitation contained in the policy, the amendment having the effect of a dismissal of the former suit, cited Dunphy v. Riddle, 86 Ill. 22; Crowl v. Nagle, 86 Ill. 437; McGraw v. Bayard, 96 Ill. 146; Miller v. McIntyre, 6 Pet. 61; Ill. Cent. R. R. Co. v. Cobb, 64 Ill. 128; Connett v. Chicago, 8 Chicago Legal News, 323; King v. Avery, 37 Ala. 173; Woodward v. Ware, 37 Me. 564.

The amendment should not have a retro-active effect, so as to cut off a defense which the defendant could otherwise make: Shirley v. Phillips, 17 Ill. 471; Loomis v. Francis, 17 Ill. 206.

There was a breach of warranty by the plaintiff, which renders the policy null and void: Dehahn v. Hartley, 1 T. R. 343; Fowler v. Ætna Fire Ins. Co. 6 Com. *673; Ripley v. Ætna Fire Ins. Co. 30 N. Y. 136; Burritt v. Saratoga Co. Mut. Fire Ins. Co. 5 Hill 188; Ætna Ins. Co. v. Grube, 6 Minn. 82; Blunerr v. Phœnix Ins. Co. 45 Wis. 622; Dewees v. Manhattan Ins. Co. 34 N. J. 244; Forbush v. Mass. Ins. Co. 4 Gray, 337.

Where an application is signed by the owner, if incorrect in any material part, it avoids the policy: Atlantic Ins. Co. v. Wright, 22 Ill. 462; Andes Ins. Co. v. Fish, 71 Ill. 620; Lycoming Ins. Co. v. Rubin, 79 Ill. 402; Marshall v. Ins. Co. 7 Foster, 157; Cumberland Val. Mut. Pro. Co. v. Schell, 5 Casey, 31; Carpenter v. Am. Ins. Co. 1 Story, 57; Gould v. York Co. Mut. Ins. Co. 47 Me. 409.

Mr. PHILIP STEIN, for appellee; that warranties are construed strictly against those for whose benefit they are made, and if possible so as to avoid a forfeiture, cited Hyde v. Bruce, 3 Doug. 213; World Mut. Life Ins. Co. v. Schultz, 73 Ill. 586; Saylor v. Ins. Co. 2 Curtis, 613; Blood v. Howard, Fire Ins. Co. 12 Cush. 472; Catlin v. Springfield Fire Ins. Co. 1 Sumner, 434; Ripley v. Ætna Ins. Co. 29 Barb. 552; Merse v. Ins. Co. 30 Wis. 540; Carter v. Humboldt Ins. Co. 17 Iowa, 456; May on Insurance, § 162; Flanders on Fire Insurance, § 167.

The fact that the application is submitted as a warranty does not make it one, unless adopted in the policy by apt words as a part of the contract: Boardman v. N. H. Mut. Ins. Co. 20

N. II. 551; Owens v. Holland Purchase Ins. Co. 56 N. Y. 565; Hartford Pro. Ins. Co. v. Harmer, 2 Ohio St. 461; American Popular Ins. Co. v. Day, 6 Ins. Law Jour. 451; Howard F. M. Ins. Co. v. Cornick, 24 Ill. 455; Trench v. Chenango Ins. Co. 7 Hill, 122; Buell v. Conn. Mut. Ins. Co. 8 Chicago Legal News, 202; Farmers Ins. Co. v. Snyder, 16 Wend. 481; Wood on Fire Insurance, § 144; May on Insurance, § 159.

The description of the risk in the policy is not a warranty: Gerhauser v. North British Ins. Co. 7 Nev. 185; Schultz v. Merchants Ins. Co. 57 Mo. 331; Browning v. Home Ins. Co. 7 Ins. Law Jour. 428; Rohrbach v. Ætna Ins. Co. 8 Chicago Legal News 37; Maher v. Hibernian Ins. Co. 6 Hun, 353; Billings v. Tolland Ins. Co. 20 Conn. 139.

Where there is a doubt as to the meaning of the contract, that doubt will be when in favor of the insured:    Elliott v. Hamilton M'f'g Ins. Co. 13 Gray, 139; Ill. Mason's Ben. Soc. v. Winthrop, 85 Ill. 537; Fitch v. Am. Pop. Ins. Co. 59 N. Y. 557; Nat. Bank v. Ins. Co. 95 U. S. 673; Catlin v. Springfield Fire Ins. Co. 1 Sumner, 435; Jones M'f'g Co. v. Manufacturers Ins. Co. 8 Cush. 82; Watertown Fire Ins. Co. v. Simons, 9 Ins. Law Jour. 597; Planter's Ins. Co. v. Myers, 7 Ins. Law. Jour. 56; Washington Life Ins. Co. v. Haney, 2 Ins. Law Jour. 283; Redman v. Hartford Fire Ins. Co. 9 Ins. Law Jour. 222; Wilson v. Conway Fire Ins. Co. 4 R. I. 141; Wilson v. Hampden Ins. Co. 4 R. I. 159; Flanders on Fire Insurance, 249; Wood on Fire Insurance, § 156; May on Insurance, § 159.

The application is a mere representation and not a part of the contract: Herron v. Peoria Ins. Co. 28 Ill. 235; N. E. F. & M. Ins Co. v. Wetmore, 32 Ill. 221; Mut. Ben. Life Ins. Co. v. Robertson, 59 Ill. 123; Williams v. N. E. F. & M. Ins. Co. 31 Me. 224; Commonwealth Ins. Co. v. Moninger, 18 Ind. 352; Farmers Ins. & Loan Co. v. Snyder, 16 Wend. 481.

There must be an intentional suppression of a fact, in order to avoid the contract: Daniels v. Hudson River Ins. Co. 12 Cush. 416; Burritt v. Saratoga Ins. Co. 5 Hill, 188; Fletcher v. Commonwealth Ins. Co. 18 Pick. 419; Hartford Pro. Ins. Co. v. Horner, 2 Ohio St. 472; Gates v. Madison Co. Ins. Co. 5

N. Y. 469; Mallory v. Travelers Ins. Co. 47 N. Y. 53; Rauls v. Am. Ins. Co. 27 N. Y. 282 ; Swift v. Mass. Ins. Co. 5 Ins. Law Jour. 156 ; Flanders on Insurance, 360 ; Wood on Insurance, § 210 ; Clark v. Manufacturers Ins. Co. 8 How. (U. S.) 235 ; Litter v. Phœnix Ins. Co., 7 Ins. Law Jour. 471; Keith v. Globe Ins. Co. 52 Ill. 518 ; Browning v. Home Ins. Co. 7 Ins. Law Jour. 428 ; Walden v. Louisiana Ins. Co. 12 La. 134 ; Bowery Ins. Co. v. N. Y. Fire Ins. Co. 17 Wend. 359 ; Rankins v. Desborough, 2 M. and Rob. 328 ; Greenwell v. Nicholson, 1 Jur. 285.

There is a distinction in this respect between marine and fire insurance. In the latter the concealment must be the result of fraud or design : 3 Kent's Com. 373; Burritt v. Saratoga Ins. Co. 4 Hill, 192; Jolly v. Balt. Eq. Soc. 4 Harr. & E. 295; Farmers Ins. & Loan Co. v. Snyder, 16 Wend. 431; Hartford Pro. Ins. Co. v. Horner, 2 Ohio St., 472; Wood on Insurance, § 196.

Where a question is left unanswered in a written application for insurance, the issuing of a policy thereon is a waiver of the information called for : Am. Ins. Co. v. Mahone, 8 Ins. Law Jour. 382 ; Am. Ins. Co. v. Paul, 9 Ins. Law Jour. 569 ; Dayton Ins. Co. v. Kelly, 24 Ohio St. 345 ; Lorillard Ins. Co. v. McCulloch, 24 Ohio St. 176 ; Geib v. International Ins. Co. 1 Dillon, 443 ; Busche v. St. Louis Ins. Co. 31 Mo. 555 ; Liberty Asso'n v. Ins. Co. 7 Gray, 261 ; Dohn v. Farmers Ins. Co. 5 Laning, 275 ; Roth v. City Ins. Co. 6 McLean, 324; Nicoll v. Am. Ins. Co. 3 Wood & Min. 529 ; Commercial Ins. Co. v. Ives, 56 Ill. 402 ; Reaper Ins. Co. v. Jones, 62 Ill. 458 ; Wood on Insurance, § 161 ; May on Insurance, § 166.

BAILEY, J. The defendant's plea, setting up the condition of the policy, limiting the time for the commencement of an action for a loss to twelve months next after the same should occur, raises the question of the identity of the present action with the one pending prior to the substitution of David J. Thomas as plaintiff, in place of Joseph Mann and Henry Mann. It is insisted that the amendment was tantamount to a discontinuance of the action previously pending, and the commence-

Fame Ins. Co. v. Thomas.

ment of a new action, and that, as more than twelve months had then elapsed since the date of the loss, the action should be held to be barred.

The amendment was allowed under the twenty-third section of the Practice Act, which provides that, at any time before the final judgment in a civil suit, amendments may be allowed on such terms as are just and reasonable, "introducing any party necessary to be joined as plaintiff or defendant, discontinuing as to any joint defendant, changing the form of the action, and in any matter, either of form or substance, in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought, or the defendant to make a legal defense." The "claim" for which the suit was intended to be brought, was for the amount due by the terms of the policy for the loss to the property insured. The policy ran to David J. Thomas, but contained a clause making the loss, if any, payable to Mann Brothers, as their interest might appear. Mann Brothers were incumbrancers, and up to the date of the trial, the amount due them exceeded the sum insured. The money payable under the policy, whether sued for in the name of Mann Brothers, or of David J. Thomas, for their use, was equitably theirs. It was in either event the same money, due by virtue of the same contract, and payable to the same parties, and whether recovered in the name of Thomas or Mann Brothers, the recovery is a bar to any further suit on the policy by either party.

There is, it is true, a technical distinction between the cause of action averred in Thomas' declaration, and the one averred in the declaration in which Mann Brothers were plaintiffs. The former necessarily averred an undertaking to pay the amount of the insurance to Thomas, while the latter averred as the cause of action, an undertaking to pay it to Mann Brothers as their interest might appear, with a further averment showing their interest and its extent. These differences, however, are mere matters of form, no way effecting the material and substantial rights of the parties to the fund sought to be recovered. The claim for which the suit was intended to

be brought, is the same in either case, and the amendment was merely in furtherance of the assertion of that identical claim, and not in the nature of the discontinuance of a pending suit, and the commencement of a new one.

It may be observed still further, that the same section of the statute which authorized the amendment also provides that the adjudication of the court allowing the amendment, shall be conclusive evidence of the identity of the action. We think, then, that within the meaning of the condition of the policy, the present suit must be deemed to have been commenced at the date of the issuing of the original summons, which was within less than twelve months next after the occurrence of the loss, and that the defendant's plea setting up that condition was not sustained.

On the former appeal we considered the question of the agency of Taylor, the person who obtained from the plaintiff the application for insurance, and transmitted it to the defendant's general agent at Chicago, and reached the conclusion that, if, in point of fact, he was the agent of neither the plaintiff nor defendant, the party who first put into his hands the means of imposing himself upon the other as such party's agent, should be held responsible for his acts. While the evidence in the present record, bearing upon the question of Taylor's agency, is somewhat fuller and more circumstantial than on the former trial, we are unable to see that it warrants any different conclusion. It is clearly shown that Taylor was not in fact the defendant's agent, and that the plaintiff placed in his hands a written application for insurance, which Taylor afterward transmitted to the defendant's general agent, thereby obtaining from him the policy in question. The plaintiff having thus clothed Taylor with an *indicium* of agency, and the defendant having been thereby induced to deal with him as such, the plaintiff can not now be heard to say that Taylor was the defendant's agent and not his. It follows that the plaintiff is bound by the statements contained in the application, whether inserted therein by himself or by Taylor.

The principal controversy in the case grows out of the omission by the plaintiff to disclose the fact that a portion of the

building to be insured was used and occupied for the manufacture of shingles.    Other parts were used for manufacturing clothes-pins and broom-handles, and in the application, to the question, "Name the property," the answer "Clothes-pin and broom-handle factory " was given; and to the question, "What is the precise kind of goods made, and of what material?" the answer was "Clothes-pins and broom-handles;" but nothing was said about the shingle factory.

In the instructions to the jury the court held that, before the defendant could avail himself of the plaintiff's failure to disclose the fact thus concealed, it was incumbent on him to show that the existence and use of the shingle factory materially affected the risk, and that the plaintiff, or his agent, intentionally suppressed such fact from the application, knowing it to be material to the risk.

In marine insurance the rule is, that a concealment will avoid the policy, although not intentional or fraudulent, and whether it arises from mistake, inadvertence or ignorance of their materiality, if it is a concealment of material facts. 1 Parson Marine Ins. 468.    It is enough that the insurer has been misled, and has thus been induced to enter into a contract which, upon correct and full information, he would have declined, or made upon different terms.    True, this doctrine is not applicable in its full extent to policies of insurance against fire.    There, if the insurance company sees fit to insure property without taking the trouble to inquire as to the nature and circumstances of the risk, it can not complain that the hazard is greater than it had anticipated.    But where inquiries are made of the insured in relation to such matters as are deemed material to the risk, it becomes his duty to answer correctly. When thus called upon to speak, he is bound to make a true and full representation concerning all matters thus brought to his notice, and any concealment will have the same effect as in the case of a marine risk.    It is enough that information material to the risk was required and withheld.    Burritt v. Saratoga Co. Mut. Fire Ins. Co. 5 Hill, 188.

Nor is the materiality of a fact about which specific inquiry is made, open to discussion.    The rule on this subject is laid

down by Mr Phillips as follows : " A misrepresentation or con-
cealment by one party of a fact specifically inquired about by
the other, though not material, will have the same effect in ex-
onerating the latter from the contract, as if the fact had been
material, since by making such inquiry he implies that he con-
siders it to be so." 1 Phillips on Ins. § 542. In the same
connection the author further remarks that this rule is partic-
ularly applicable to written answers to written inquiries re-
ferred to in the policy. It is so because a party, in making a
contract, has a right to the advantage of his own judgment of
what is material, and if, by making a specific inquiry, he im-
plies that he considers a fact to be so, the other party is bound
by it as such. See also Wilson v. Conway Fire Ins. Co. 4
Rhode Island, 141 ; Anderson v. Fitzgerald, 24 Eng. Law and
Eq. 1; Protection Ins. Co. v. Horner, 2 Ohio St. 452; Bliss on
Life Ins. § 73.

These rules are especially applicable where, by the terms of
the policy, the application is made a part of the contract and
a warranty by the assured, and where the assured undertakes, in
any form, that his answers are full and correct. In such case,
no question of knowledge, good faith or materiality arises, but
it is simply a question as to the truth and fullness of the an-
swers, and the want of either is fatal. May on Ins. § 206.

In this case, the policy provided that applications for
insurance should be in writing, and should specify, among
various other things, by whom the building to be insured was
occupied, whether as a private dwelling or how otherwise, and
whether any manufacturing was carried on within or about it;
and it was expressly agreed that " such survey and description"
should be taken and deemed a part of the policy, and a war-
ranty on the part of the assured. We think it clear that by
these provisions the application, or at least so much of it as
contained the questions and answers in relation to the occu-
pancy and use of the building, and the manufacturing carried
on within it, was made a part of the contract, and a warranty.
Also, in the application, immediately preceding the questions
and answers, was the following: "The applicant will answer
particularly the following questions, and sign the same, as

descriptive of the premises, and forming a part of the contract and a warranty on his part;" and in the body of the policy there was a condition that if the assured should make a misrepresentation or concealment touching the risk to be assumed, the policy should be void. This condition, though not in terms a stipulation that the answers were full and correct, was a warranty against any misrepresentation or concealment, and, at least so far as the question of good faith and materiality is concerned, was tantamount to such stipulation. It follows, then, that the instruction which threw upon the defendant the burden of proving that the fact concealed was material to the risk, and also that it was fraudulently concealed, was clearly erroneous. See Burritt v. Saratoga Mut. Fire Ins. Co. *supra*.

The judgment will be reversed and the cause remanded.

Judgment reversed.