## Orient Insurance Co. v. Isaac Peiser.

1. INSURANCE—*Contracts of, to be Made in Good Faith.*—The contract of insurance is one in which the parties must act in the utmost good faith. On the part of the insured there must be no concealment of important facts or false representations, and the insurer must of necessity trust to his representations and proceed upon the confidence that he has been given all the data necessary to enable him properly to estimate the risk.

**Assumpsit**, on a policy of insurance. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge. presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed and remanded. Opinion filed July 31, 1900. Rehearing denied October 12, 1900.

D. J. & D. J. SCHUYLER, JR., attorneys for appellant; D. J. SCHUYLER, of counsel.

MATTHEW P. BRADY, attorney for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This is a suit in assumpsit brought by appellee to recover upon an alleged contract of fire insurance for a loss sustained by reason of the destruction of the property alleged to have been covered by said contract. It is affirmed by appellee and conceded by appellant that in the afternoon

of March 11, 1891, appellee, by his agents, Magill and Chamberlain, their chief clerk, W. D. Webster, acting for them, applied to A. Loeb & Son, agents of appellant in Chicago, for insurance upon the property destroyed. It is alleged that such application was in writing, in due form, and that said Loeb & Son, as such agents, accepted the same in writing. Between 4 o'clock and 4:20 P. M. the day said application was made, a fire was discovered by which said property was destroyed.

It is contended on behalf of appellee and testified to by said Webster, that he made said application for insurance, and that the same was accepted by said Loeb & Son at their office between two (2) minutes and seven (7) minutes after 3 o'clock P. M. Leo A. Loeb, the member of said firm of A. Loeb & Son who accepted said application, testified that such application was not made until 5 o'clock P. M. The two witnesses are positive in their statements as to time, and are more or less corroborated by other testimony. Said application does not state the time it was made and is not dated.

, Said Webster also testified that he knew at 4:45 P. M. the day of said fire that there was then a fire in the neighborhood where said property was situated, but that he did not then know that the building in which said property was then stored was on fire.

If there was a fire raging in the neighborhood of the building where said property was at the time said application was made, that was a very material fact which, if known to said Loeb & Son at the time, would no doubt have caused them to decline to accept said application. If said property had been destroyed at the time said application was accepted, then such contract of insurance would not become effective. If said Webster knew of said fire at the time he made such application and suppressed that fact, the contract for insurance then made can not be enforced because of fraud. The rule is clearly and concisely stated in Lycoming Fire Ins. Co. v. Rubin, 79 Ill. 403, as follows:

" The contract of insurance is one in which the parties

to it must act in the utmost good faith. No false representations must be made which go to affect the risk. The insured must tell the whole truth; there must be no concealment of any important fact or false representations as to amount of stock or value. The insurer trusts to the representations of the insured and proceeds upon the confidence that he has been given all the data necessary to enable him properly to estimate the risk."

Whether said application and the acceptance thereof were at 3 or at 5 o'clock P. M. is a very material, if not an absolutely controlling fact, in the case at bar. It was for the jury to determine that fact under the conflicting testimony. Hence it was necessary that the instructions to the jury should have been strictly correct, and should have stated such rules as would apply if the jury should find said application had been accepted at 5 P. M. as well as if they should find it had been accepted at about 3 P. M. Counsel for appellant requested the court to give the following instruction, which the court refused to give, viz.:

"IV. The court instructs the jury that in applying to the agents of the defendant for insurance upon the property of the plaintiff, the plaintiff, or his agent, was bound to the utmost good faith in said application and to disclose the true condition of the property at the time of the consummation of the contract; if the jury believe from the evidence that any contract of insurance ever was consummated between said plaintiff and said defendant, and if the jury further believe from the evidence that the plaintiff, or his agent, concealed from the defendant, or its agents, any fact material to the risk, or which if disclosed to the agents of the defendant would have caused them to refuse to issue said policy, then said plaintiff was not acting in the utmost good faith with the agents of said defendant, and said policy is void, and the jury must find the issues for the defendant."

It seems to us that this instruction should have been given. It states the law correctly. No given instruction covered the rule here stated. As said in the printed argument of counsel for appellee:

"Whether the application was made and accepted at

about two minutes after 3 o'clock, or not till about 5 o'clock in the afternoon, was a question to be determined by the jury upon the testimony."

The testimony of said Webster is undisputed that he went to the office of Loeb & Son at 4:45 p. m. to procure what is called by insurance men a "binder," and that he then knew of said fire as stated. If the application was not made until 5 p. m., and if said Webster knew of the fire at 4:45, then the rule stated in said instruction should have been before the jury, and should have guided them in arriving at their verdict. Whether said instruction should have been given is not a merely technical question, but is a substantial question reaching to the merits of the case. It should have been given.

As the case must be remanded for another trial, we refrain from any further discussion of the evidence. For the error indicated the judgment of the Circuit Court is reversed and the cause remanded.