## Carlie **Dimmick**, Appellee, v. Illinois Automobile Fire Insurance Exchange, Appellant.

1. Insurance, § 226*—*when concealment of other insurance no defense.* In an action on an insurance policy covering loss by fire, theft or collision, where the insurer claimed that the insured concealed the existence of other insurance, and the evidence showed that theft insurance was applied for, the fact that the insurer's agent filled in the application so as to request insurance for theft, fire, etc., would not bar recovery, even though the insured had insurance against loss by fire in another company.

2. Insurance, § 226*—*when recovery not barred by existence of other insurance.* Where a person insured against loss by fire in one company applied for insurance against loss by theft in another company and received a policy with stipulations against the concealment of material facts "with intent to deceive," the policy was not void when the evidence disclosed that the insured merely requested theft insurance and the agent of the insurer filled in the application to cover loss by fire also, there being nothing in the evidence to show that the applicant gave other than true answers at the time she procured her policy, and the insured not being advised that the application signed by her requested fire protection.

Appeal from the City Court of East St. Louis; the Hon. Silas Cook, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed March 25, 1920.

John E. Hamlin and E. J. Verlie, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

FRANK B. HANNA, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

This is an action brought in the city court of East St. Louis on a policy of insurance to recover for the loss of an automobile which was stolen and burned.

On June 30, 1917, appellee purchased a Ford automobile, of the type known as a "Sedan." On July 3, 1917, she procured from the Aetna Insurance Company a policy of insurance on said automobile for loss by fire to the extent of $600. On July 9, 1917, she obtained from appellant a policy of insurance thereon for loss by fire, theft or collision, to the extent of $490, if the loss occurred prior to June 27, 1918.

The automobile was stolen on March 8, 1918, and on March 11 it was found on the Caseyville road, just outside the corporate limits of East St. Louis, in a badly damaged condition. According to the testimony offered by appellee it had been burned and was a complete loss. Appellee notified both the Aetna Insurance Company and appellant of her loss, and filed suit on both policies in the city court of East St. Louis. The suit against the Aetna Insurance Company was tried first and resulted in a directed verdict and judgment for the defendant. On appeal that judgment was affirmed by this court at the October term, 1918. [213 Ill. App. 467.]

Appellee filed an amended declaration in the case now under consideration setting forth the theft of the automobile and the failure of appellant to comply with the terms of its policy of insurance. In addition to its plea of the general issue, appellant filed two special pleas setting forth the provisions of its policy with reference to the concealment or misrepresentation of any material fact or circumstance concerning the subject-matter of the policy, and prohibiting other insurance without appellant's consent. Said special

pleas also averred that prior to the date of the policy in question, and at the time of the loss, that appellee carried other insurance in another company "covering the risks assumed" by appellant in its policy; that appellee had not obtained appellant's consent to carry such other insurance, and had concealed the existence of such other insurance. Appellee filed replications averring that "at the time the plaintiff applied for and obtained from the defendant the policy sued on in this case, the plaintiff had no insurance on her said automobile against loss of the same by theft, robbery or pilferage, and that, in order to be indemnified against loss of her said automobile by theft, robbery or pilferage, plaintiff applied for and obtained the policy of insurance sued on in this case." Appellant demurred to the replications, but its demurrer was overruled.

Appellant elected to stand by its demurrer, and the case proceeded to trial before a jury, on the plea of the general issue. The jury returned a verdict, finding the issues in favor of appellee and assessing her damages at $490. Appellant's motions for a new trial and in arrest of judgment were overruled and judgment was entered on said verdict. To reverse the same this appeal is prosecuted.

Appellant contends for a reversal of this case on two grounds: First, that appellee's failure to disclose the existence of the Aetna policy constituted a violation of the provision of appellant's policy relating to the concealment of a material fact and rendered the policy void; second, that the policy issued by appellant was void for the reason that appellee had procured other fire insurance on her said automobile.

The provisions of the policy referred to by appellant are as follows: "This policy shall be void if the assured has concealed or misrepresented in writing or otherwise, with intent to deceive, any material fact or circumstance concerning this insurance or subject

thereof, or if the interest of the assured is other than as stated, or in case of any fraud or false swearing by the assured touching any matter relating to this insurance, or the subject thereof, whether before or after a loss. It is hereby agreed by the insured that no other insurance covering against the risks assumed hereunder will be carried in any other company or association without the consent of the Exchange.''

In support of appellant's contention that appellee had failed to disclose the existence of the Aetna policy thereby constituting a violation of the provision of appellant's policy relating to the concealment of a material fact, it cites the following cases: *Lycoming Fire Ins. Co. v. Rubin,* 79 Ill. 402; *Orient Ins. Co. v. Peiser,* 91 Ill. App. 278; *Fame Ins. Co. v. Thomas,* 10 Ill. App. 545; and 19 Cyc. 679.

The facts in the record, however, do not in our judgment come within the principles of law laid down in these cases. Appellee testified without objection that when she took out the policy in appellant company, she ''went to the Launtz building, Fifth and Missouri avenue, and asked them if they had insurance for theft, and she said, 'Yes.' She brought out an application and said: 'You sign this application and in three or four days you will have your policy, but you must pay the premium today.' I signed the application, paid $10 and three or four days later got my policy.'' This evidence supports the theory of appellee that she did not apply to appellant company for fire insurance on her automobile but applied for theft insurance. The fact, if it be a fact, that appellant's agent may have filled in the application signed by appellee so as to request insurance for fire, theft, etc., still unless the attention of appellee was called thereto when she signed said application it would not of itself bar appellee from recovering for damages sustained by reason of the theft of her automobile,

even although prior to that time she had taken fire insurance in another company.

In the *Teutonia Life Ins. Co. v. Beck,* 74 Ill. 165, the Supreme Court at page 165, in discussing a question similar to this, says: ''And there was testimony tending to prove that the application contained a statement, among others, in answer to a question, that his health had formerly always been good, and that the applicant had never had any serious sickness. The application seems to have been filled up, ready to be signed, by a solicitor of the company, and signed by the applicant. There is no evidence that he ever read it or understood its nature, or what would be the effect of any inaccuracy of statement in answer to these various questions; nor that he was then or afterward informed that he was required to warrant the truth of his statements in answer to these various questions, and if either of them proved to be untrue, that he would forfeit his policy. * * * When an application is filled out by an agent of the company, and the assured requested to sign it, most persons regard it as a mere form, and unless admonished of the importance of accurate answers to the questions, answers are hastily given without reflection or time to ascertain facts with precise exactness, which is frequently insisted upon after a loss occurs.''

In *Iowa Life Ins. Co. v. Zehr,* 91 Ill. App. 93, the court at page 96 says: ''The application contained no interrogatory designed to elicit this information, and it is familiar doctrine that the assured is required to disclose only such facts as are responsive to the questions asked.''

So far as the evidence in the record is concerned, there is nothing to show that appellee gave any other than true answers to the questions asked her at the time she procured the policy from appellant company.

It may be further observed in this case that the provision in the policy with reference to concealment

or misrepresentation is that it be made "with intent to deceive." Appellee's evidence heretofore quoted we think clearly discloses that it was not her intention to deceive appellant company with reference to any of the material facts in connection with said application. She stated in her testimony she applied for theft insurance and there is no evidence to contradict this statement, other than her written application.

Coming now to the second ground relied on by appellant for a reversal of this case, viz., that the policy sued on was rendered void for the reason that appellee had procured other insurance "covering against the risks assumed by appellant," it will be observed that the policy sued on in this case according to its terms was intended to protect appellee against loss by fire, collision or theft, while the policy issued by the Aetna Company did not cover theft. Counsel for both sides concede in their briefs and arguments that the suit instituted by appellee against the Aetna Insurance Company was decided against her. The court below directed a verdict in favor of the insurance company and rendered judgment thereon, which judgment on appeal was sustained by this court. This court, in passing on that case used the following language: "The Aetna policy and the one sued on in this case each contained a clause against other insurance, but the two clauses in the different policies are not the same. It will be observed on examination of the two policies that the policy sued on contains a condition which, if violated, renders the policy null and void, whereas, the provision in the second, or Bloomington policy, is no more than a covenant against taking other insurance, and no provision is made in this second policy in terms making the same void should the covenant be violated. It will be observed with reference to the second, or Bloomington policy, that the provision with reference to taking other insurance is that the same shall not be taken on the risk

assumed by said policy. As stated above, the Bloomington policy, in addition to covering loss by fire, also contains a clause insuring against loss by theft, robbery or pilfering, so that the two risks are not identical."

As stated in the Aetna insurance case, the policy there sued on became null and void when there was other insurance in force covering the risks covered by the Aetna policy, whereas, the provision in the policy here sued on is limited to a covenant against other insurance. The two policies are not the same. The policy in this case covers a risk not covered by the Aetna policy, namely, that of theft. We hold in view of the fact that appellee stated to the agent of appellant that she wanted a policy covering theft, and the agent having told her that he had such a policy giving her a blank to sign, and inasmuch as there is nothing in the record to show that appellee's attention was called to the fact that the application signed by her requested fire protection as well as protection against theft, she should not be barred of a right of recovery.

We are of the opinion and so hold that the trial court did not err in overruling the motion for a new trial and in arrest of judgment.

Error was assigned on the ruling of the court on the demurrer to appellee's replication, but as the policy of the Aetna Insurance Company was allowed to go to the jury without objection on the part of appellee, the ruling of the court on the demurrer becomes immaterial. An assignment of error was made on the ruling of the court on the instructions, but this was abandoned in the brief and argument.

Finding no reversible error in the record, the judgment of the trial court will be affirmed.

*Judgment affirmed.*