92  145
23a 252

## THE CONTINENTAL INSURANCE COMPANY

### *v.*

### HULMAN & COX.

1.  INSURANCE—*whether a mortgagor's interest is insured, or that of the mortgagee—violation of condition as to other insurance.*  Two persons, husband and wife, executed a mortgage on certain premises.  Prior to the mortgage the husband had conveyed the property to his wife.  Subsequent to the mortgage the mortgagors procured a policy of insurance on the premises, to themselves, the policy providing, however, loss, if any, payable to the mortgagee, as his interest might appear:  *Held*, this was an insurance of the mortgagor's interest, not that of the mortgagee.  Making the "loss, if any, payable to the mortgagee," was not an insurance of his mortgage interest.  The mortgagors became the assured.

2.  The policy contained a condition, that if the assured should procure other insurance on the property, whether such other insurance be valid or not, without the consent of the company written upon the policy, then the policy to be void.  The wife, one of the assured in this policy, did procure other insurance in another company, on this property, in her own name alone.  It was held this was in violation of that condition, and would operate to defeat a recovery in a suit upon the policy by the mortgagee.  It was the "assured" who were within the prohibition, and the mortgagors were the "assured."  Nor did it matter that it was the wife alone who procured the "other insurance," as her act alone avoided the policy equally as if the subsequent insurance had been effected by both the assured.

3.  Nor was it a subject of inquiry whether such subsequent insurance was valid or not, as in either case it would have been within the express terms of the condition.

4.  In such case, where the policy is issued to one, but provides that the loss, if any, shall be paid to another, as his interest may appear, the person to whom the loss may be thus paid holds his right subject to the conditions imposed by the policy upon the assured, so that if the latter, through a violation of a condition, has lost his right to recover upon the policy in case of loss, the right of the former is also gone,—and this is the rule equally as if the policy had been assigned to such person.

5.  SAME—*as to proof of subsequent insurance.*  Where the assured, in proving his loss under a policy, discloses the fact of the existence of another policy, obtained in violation of the condition of the former, such statement is an admission that dispenses with any other proof against him of such other insurance.

10—92 ILL.

APPEAL from the Circuit Court of Effingham county; the Hon. JAMES C. ALLEN, Judge, presiding.

Messrs. GILMORE & WHITE, for the appellant:

The policy in this case was a contract between the appellant company and Sarah J. and John Ryan. Hulman & Cox were not parties to the contract.

The insertion of the words, "loss, if any, payable to Hulman & Cox," etc., in the policy, does not amount to an assignment of the policy. Flanders on Fire Insurance, 441; *Grosvenor* v. *Atlantic Ins. Co.* 17 N. Y. 419; *Frink* v. *Hampden Ins. Co.* 45 Barb. 384; *Russ* v. *Waldo Mutual Ins. Co.* 52 Me. 187. In *Home Fire Ins. Co.* v. *Hauslein,* 60 Ill. 523, Justice THORNTON said: "But it is contended that the memorandum that the loss, if any, should be payable to the assignee as his interest might appear, shows that his interest was intended to be protected, and that there was no sale or change of title affecting the interest of the assignee. The insured can not sue, because he has so acted as to forfeit the policy. The assignee can not sue, for he was not a party to the contract originally. In its nature the policy was only assignable so as to pass an equitable interest to the assignee. Even, as in this case, where the assignment was made with the consent of the company, the assignee can not sue for a breach, in his own name." *Jessel* v. *Williamsburg Ins. Co.* 3 Hill, 88; *Illinois Fire Ins. Co.* v. *Stanton,* 57 Ill. 356; *New England F. and M. Ins. Co.* v. *Wetmore,* 32 id. 321.

Making the "loss, if any, payable to Hulman & Cox, mortgagees," is not an insurance of their mortgage interest in the property. It is merely a designation of the person to whom it is to be paid. It is the damage sustained by the party insured, and not by the party appointed to receive payment, that is recoverable from the insurers. The insurance being upon the interest of the insured, if he parts with that interest before the fire no loss is sustained by him, and of course none is recoverable by his assignee or appointee. It is a contingent

order or assignment of what may become due under the contract, and not an absolute transfer, by virtue of which the assignee acquires the full rights of an assignee of a chose in action. Flanders on Fire Insurance, 441.

The mortgagees, whether regarded as the assignees of the legal rights of the assured, or as merely holding the equitable right to the money, as their interest might appear, were still subject to the conditions of the policy. *Illinois Mutual Fire Ins. Co.* v. *Fix,* 53 Ill. 163; *Home Mutual Fire Ins. Co.* v. *Hauslein,* 60 Ill. 522.

Other insurance, either prior or subsequent, in violation of a condition of the policy, without notice to or consent of the insurer, will avoid the policy. *Illinois Mutual Fire Ins. Co.* v. *Fix,* 53 Ill. 151; *Carpenter* v. *Prov. Wash. Ins. Co.* 16 Pet. 495; *Bigler* v. *N. Y. Central Ins. Co.* 22 N. Y. 402; *Couch* v. *City Fire Ins. Co.* 38 Conn. 181; *Shurtleff* v. *Phœnix Ins. Co.* 57 Me. 137; *Harris* v. *Ohio Ins. Co.* Wright, 544, S. C., 5 Ohio, 466; *Battaile* v. *Merchants' Ins. Co.* 3 Rob. (La.) 384; *Illinois Mutual Ins. Co.* v. *Malloy,* 50 Ill. 419; *Campbell* v. *Ætna Ins. Co.* Cochran, 21.

Mr. HENRY B. KEPLEY, for the appellees:

The insertion of the words "loss, if any, payable to Messrs. Hulman & Cox, of Terre Haute, Indiana, mortgagees, as interest may appear," in the policy, gave appellees, Hulman & Cox, the right to maintain suit upon the policy in their own names, and recover the full amount due by reason of any loss that occurred under said policy. May on Insurance, pp. 457, 458, 459, sec. 378, and pp. 544, 545, secs. 446, 447; *Mowry* v. *Todd,* 12 Mass. 281; *Motley* v. *Manufacturers' Ins. Co.* 29 Me. 337; *Ripley* v. *Ætna Fire Ins. Co.* 29 Barb. (N. Y.) 552; *Ennis* v. *Harmony Fire Ins. Co.* 3 Bosw. (N. Y.) 516; *Barret* v. *Union Mut. Ben. Life Ins. Co.* 7 Cush. (Mass.) 175; *Lowell* v. *Middlesex Mut. Fire Ins. Co.* 8 Cush. (Mass.) 127; *Loring* v. *Manufacturers' Ins. Co.* 8 Gray (Mass.) 28; *Rogers* v. *Traders' Ins. Co.* 6 Paige Ch. 583; *Cone* v. *Niagara Ins. Co.*

17 Howard Pr. 444; *Jefferson Ins. Co.* v. *Cotheal,* 7 Wend. 72; *Hadly* v. *New Hampshire Fire Ins. Co.* 55 N. H. 110; *Chamberlain* v. *New Hampshire Fire Ins. Co.* 55 N. H. 249; Sansum's Digest Law of Insurance, p. 51, sec. 5, p. 59, secs. 2, 5, 6, 7, 9, 13, 15.

There was not, in any proper sense, a double insurance in this case. There being two or more policies upon the same property does not necessarily render either void on account of other insurance without notice, or become in law double insurance. To have this effect the assured must be the same and the interest protected by both policies the same. That is double insurance where both policies cover the same insurable interest against the same risk. It is also a general rule that they must be in the name of the same assured. 2 Parsons on Contracts, 459.

It is additional and valid insurance prior or subsequent, upon the same subject, risk and interest, effected by the same assured, or for his benefit, and with his knowledge or consent. Owners of different interests in the same property may respectively insure their interests without risk of violating a provision against other insurance. May on Insurance, pp. 438, 445, sec. 365, and cases there cited; *Ætna Ins. Co.* v. *Tyler,* 12 Wend. 507; same case affirmed in 16 Wend. 387; *Sloat* v. *Royal Ins. Co.* 49 Penn. St. 14; *Forbush* v. *West Massachusetts Ins. Co.* 4 Gray, 337; *Harris* v. *Ohio Ins. Co.* 5 Ohio, 467; Flanders on Fire Insurance, 41.

The interests of the mortgagor and mortgagee are distinct, and each may be insured without one policy avoiding the other. May on Insurance, p. 82, secs. 82, 83; *Fox* v. *Phœnix Fire Ins. Co.* 52 Me. 333; *Traders' Ins. Co.* v. *Robert,* 9 Wend. 304; *Jackson et al.* v. *Mass. Fire Ins. Co.* 23 Pick. 418; 1 Bennet's Fire Insurance Cases, 764.

The additional insurance must be valid. Subsequent insurance void by its own terms, because it is additional and without notice of prior insurance, is no insurance, within the

meaning of the usual condition against other insurance.   May on Insurance, 338.

The general principle of law may be stated as follows:   In order to avoid a policy on account of a subsequent insurance against an express condition therein, it must appear that such subsequent insurance is valid, and that the policy upon which it is made is capable of being enforced.   If it can not be enforced it is no breach of the prior policy.   *Hubbard* v. *Hartford Fire Ins. Co.* 33 Iowa, 325; May on Insurance, pp. 438, 445, sec. 365; *Gale* v. *Belknap County Ins. Co.* 41 N. H. 170; *New England Fire Ins. Co.* v. *Schettler*, 38 Ill. 166; *Jackson* v. *Massachusetts Mutual Fire Ins. Co.* 1 Bennet's Fire Insurance Cases, 764, and cases there cited; 23 Pick. 418; *Clark* v. *New England Fire Ins. Co.* 6 Cush. 342; *Hardy* v. *Union Mutual Fire Ins. Co.* 4 Allen, 217; *Jackson* v. *Farmers' Mutual Fire Ins. Co.* 5 Gray; *Stacy* v. *Franklin Fire Ins. Co.* 2 Wend. & S. 506; *Mitchell* v. *Lycoming Ins. Co.* 51 Penn. St. 401; Flanders on Fire Insurance, 49, 50.

So, also, the additional insurance must be in force at the time of the loss, or it will not affect the policy sued upon. If the policy upon which the claim of other insurance is based, whether prior or subsequent, has for any reason—whether by forfeiture, or expiration, or cancellation—ceased to be in force before the occurrence of the loss under the policy sued upon, the fact that there had been such a policy does not affect the policy sued upon, nor defeat the action thereon.   *New England Fire Ins. Co.* v. *Schettler*, 38 Ill. 166; May on Insurance, 440.

Mr. MELVILLE W. FULLER, for the appellant, in reply:

The clause in the policy, " loss, if any, payable to Hulman & Cox, mortgagees, as interest may appear," is not a contract insuring the interest of the mortgagees,—the loss spoken of is the loss of the assured.   The ruling sustaining this obviously proper construction in *Grosvenor* v. *Atlantic Fire Insurance Co.* 17 N. Y. 391, has been fully approved by this court. *Ill. Mut. Fire Ins. Co.* v. *Fix*, 53 Ill. 151 ; *Ill. Fire Ins. Co.* v.

*Stanton,* 57 id. 356; *Home Fire Ins. Co.* v. *Hauslein,* 60 id. 52. And to same effect are *Franklin Savings Institution* v. *Central Mut. Fire Ins. Co.* 119 Mass. 240; *C. F. & M. I. Co.* v. *H. S. & L. M. Co.* 31 Mich. 355; *Bates* v. *Eq. Ins. Co.* 10 Wall. 33; *Bidwell* v. *Northwestern Co.* 19 N. Y. 179.

In *Franklin Savings Institution* v. *Central Mutual Fire Ins. Co.* 119 Mass. 240, the court say: "The plaintiffs held a mortgage on the property, and on the day after the policy issued an indorsement was made upon it that it was to be payable, in case of loss or damage, to them, 'as their mortgage claim may appear.' It has been repeatedly held by this court that such an indorsement does not operate as an assignment of the policy, nor as a contract to insure the interest of the mortgagees, but that they can claim only what the party originally insured is entitled to recover under his contract." *Fogg* v. *Middlesex Mutual Ins. Co.* 10 Cush. 337; *Hale* v. *Mechanics' Mutual Ins. Co.* 6 Gray, 169; *Loring* v. *Manufacturers' Ins. Co.* 8 Gray, 28. The case at bar falls within these decisions, and is clearly distinguishable from *Foster* v. *Equitable Ins. Co.* 2 Gray, 216, upon which plaintiff relies.

As to what is "other insurance," see *Mussey* v. *Atlas Mut. Ins. Co.* 14 N. Y. 79. In that case COMSTOCK, J. said: "An over insurance obtained by one of the parties interested in the first policy is quite as dangerous to the underwriter as it would be if procured by all of them. There is the same temptation to fraud, and the same mischiefs are likely to arise."

The same principle, under a somewhat different state of facts, was applied in *Ogden* v. *East River Ins. Co.* 50 N. Y. 389. In that case a specific parcel of property was insured by a policy containing a clause as to "other" insurance, and the same property was covered by another policy which also included other parcels, all being insured for an entire sum. It was held that this was "other" insurance, and the case of

*Howard Ins. Co.* v. *Scribner*, 5 Hill, 298, to the contrary, was there overruled.

It is enough if the subsequent insurance covers a part of the interest embraced in the prior insurance, as, when an undivided half of a house already insured is covered by the new insurance. *Col. Ins. Co.* v. *Walsh*, 18 Mo. 229; *Liscom* v. *Boston Mutual Fire Ins. Co.* 9 Met. 205.

Or, the subject matter of the subsequent insurance embraces the property covered by the prior insurance, and other property besides. *Ramsay, etc.* v. *Mutual Fire Ins. Co.* 11 U. Canada, 561; *McMahon* v. *P. F. Ins. Co.* 2 Foster (N. H.) 15; *Phenix Ins. Co.* v. *M. R. R. Co.* 28 Ohio St. 69.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action brought by Hulman & Cox against the Continental Insurance Company, to recover for the destruction by fire of a dwelling house, upon which the defendant had issued a policy of insurance to Sarah Jane Ryan and John Ryan.

The facts appearing are, that on the 11th day of June, 1875, Sarah J. Ryan, and John Ryan, her husband, executed and delivered to Hulman & Cox their mortgage upon a lot of ground at Watson, Ill., upon which was the dwelling house in question, to secure the payment of their note to Hulman & Cox, of the same date, for $962.60, payable one year from date, with ten per cent per annum interest. On the following day, June 12, 1875, the policy of insurance sued upon was issued by the Continental Insurance Company upon the dwelling house, for the sum of $1000, to run one year. It recites that the " Continental Insurance Company of the city of New York, in consideration of the receipt of $6, do by this policy insure Sarah J. Ryan and John Ryan against loss or damage by fire, to the amount of $1000, upon their two-story frame dwelling house, situated, etc. Loss, if any, payable to Messrs. Hulman & Cox, of Terre Haute, Indiana, mortgagees, as interest may appear."

Among the provisions contained in the policy are the following:

1. " If the assured shall have, or shall hereafter make any other contract of insurance, whether valid or not, on the property hereby insured, or any part thereof, without the consent of the company written hereon, then, and in every such case, this policy shall become void."

10. " It is hereby mutually understood and agreed by and between this company and the assured, that this policy is made and accepted upon and with reference to the foregoing terms and conditions."

On the 29th day of May, 1876, the property insured was wholly destroyed by fire, the whole amount of the debt due from the Ryans to Hulman & Cox remaining unpaid, and being greater, including accrued interest, than the amount insured by the policy.

John Ryan and Sarah J. Ryan both testified that at the date of the policy sued on, June 12, 1875, John Ryan held another policy of insurance in the Rockford Insurance Company on the house for $1500; that this policy was surrendered and cancelled June 25, 1875; that on August 11, 1875, Sarah J. Ryan applied for another policy of insurance from said Rockford Insurance Company, and a policy of insurance from that company was issued to her on the property covered by the policy sued on to the amount of $1200. It appeared that some time before the date of the mortgage John Ryan had conveyed the property embraced in the mortgage to his wife, Sarah J. Ryan. The preliminary proof of loss introduced in evidence, subscribed and sworn to by Sarah J. Ryan, also stated that, in addition to the policy sued on, there was other insurance made on the property insured to the amount of $1200, as particularly specified in an accompanying schedule marked "A," wherein was set forth the policy of insurance issued by the Rockford Insurance Company to Sarah J. Ryan, for the term of five years, commencing August 11, 1875, and terminating August 11, 1880, it bearing date August 31, 1875,

and being on this property in question, and for the amount of $1200. It was shown by the defendant that it had no knowledge of, and never consented to, this other insurance.

One of the defences set up was, that the policy sued on had been made void by the other insurance in the Rockford Insurance Company. We are of opinion that this defence was maintained.

There was here another contract of insurance on the property insured, made by the assured with the Rockford Insurance Company without the consent of the defendant written on the policy in suit, and it was an express condition of the policy that in every such case the policy sued on should become void.

It is answered against this, that the interests of mortgagor and mortgagee are distinct, and each may be insured without one policy avoiding the other, as being other insurance, and that this was the case here—that in the policy issued by the Continental Insurance Company, Hulman & Cox were the assured, and that it was their interest as mortgagees which was insured; whereas, in the policy of insurance issued by the Rockford Insurance Company to John Ryan, and the one to Sarah J. Ryan, they, the latter, were the assured, and it was their interest as mortgagors that was insured. It is the written policy itself that must determine who were the assured, and whose interest was insured. It is plainly Sarah J. Ryan and John Ryan whom the policy insures against loss or damage by fire, and it is their interest which it insures. The resort to parol evidence, if that were admissible, shows nothing different. The attorney of the plaintiffs in the taking of the mortgage, and the agent who made the insurance for the company, concur that the application was to insure the mortgagees' interest, and the agent declined to do so, but would only issue the policy to the Ryans, making the loss, if any, payable to the mortgagees. It is true that the policy was issued and delivered to such attorney, he representing to the agent of the company that the Ryans had authorized him to insure the

property in their names, making the loss, if any, payable to Hulman & Cox, and the attorney paid the premium, Hulman & Cox furnishing the money; but he states the amount of the premium was charged to the Ryans and included in their note and mortgage.

Making the "loss, if any, payable to Hulman & Cox, mortgagees," was not an insurance of their mortgage interest in the property. As said in *Flanders on Fire Insurance*, p. 441, "It is merely a designation of the person to whom it is to be paid, and is not an assignment of the policy. Hence it is the damage sustained by the party insured, and not by the party appointed to receive payment, that is recoverable from the insurers. The insurance being upon the interest of the insured, if he parts with that interest before the fire, no loss is sustained by him, and of course none is recoverable by his assignee or appointee. In other words, a policy made "payable to A in case of loss" is an agreement on the part of the insurers that "A" shall recover whatever the person originally insured may be entitled to recover in case of loss; that is, it is a contingent order or assignment of what may become due under the contract, and not an absolute transfer by virtue of which the assignee acquires the full rights of an assignee of a chose in action." In *Franklin Savings Institution* v. *Central Mutual Fire Insurance Co.* 119 Mass. 240, upon this subject, the court say: "The plaintiffs held a mortgage of the property, and on the day after the policy was issued, an indorsement was made upon it that it was to be payable, in case of loss or damage, to them 'as their mortgage claim may appear.' It has been repeatedly held by this court that such an indorsement does not operate as an assignment of the policy, nor as a contract to insure the interest of the mortgagees, but that they can claim only what the party originally insured is entitled to recover under his contract. *Fogg* v. *Middlesex Mut. Ins. Co.* 10 Cush. 337; *Hale* v. *Mechanics' Mut. Ins. Co.* 6 Gray, 169; *Loring* v. *Manufacturers' Ins. Co.* 8 Gray, 28."

That the rights of the plaintiffs under the policy are subject

to the conditions therein, is quite clearly the case, under the decisions of this court. In *Ill. Mut. Fire Ins. Co.* v. *Fix*, 53 Ill. 151, after a very full and careful consideration of the subject, and in view of opposing decisions upon the point, this court said, "We deem it safer and more just to say, that where a policy is assigned as collateral to a mortgage, though with the consent of the company, the assignee takes it subject to the conditions expressed upon its face, or necessarily inhering in it, and that no recovery can be had merely in consequence of the equities of the assignee, if the assignor has lost the right to recover by violating the terms of the contract;" and to the like effect are *Ill. Fire Ins. Co.* v. *Stanton*, 57 id. 354; *Home Mut. Fire Ins. Co.* v. *Hauslein*, 60 id. 521. In the latter case, where the assignment of the policy was made by the mortgagor to the mortgagee with the assent of the company, it was held that the assignee took the policy subject to the conditions it contained and that his equities conferred no right; that if the assignor had lost all right of recovery by violating the conditions of the policy, the assignee occupied the same position; and that the memorandum that the loss, if any, should be paid to the assignee as his interest might appear, did not change the rights of the assignee. Although the present is not the case of an assignment, but of a statement only in the policy, loss, if any, payable to the plaintiffs as their interest might appear, we consider the language and decisions above equally applicable here, as in the case of an assignment of the policy.

The loss, which was made payable to the plaintiffs, was one which was payable under and by virtue of the policy, and in accordance with its terms and conditions, one of which was, that if the assured, who were John and Sarah J. Ryan, should have or make any other contract of insurance, whether valid or not, upon the property, then the policy should become void, and consequently no loss payable. There was such other insurance here—a violation by the assured of this condition—and no loss was recoverable under the policy; and no more so where the suit is in the names of Hulman & Cox, conceding

that they have the right to sue, than if it were in the names of the Ryans. The import of the defendant's agreement was to pay to the plaintiffs any loss to which the Ryans might be entitled under their policy to the extent of plaintiffs' claim as mortgagees. But the Ryans were not entitled to any loss under the policy, and hence there was nothing payable to plaintiffs.

It is objected that there was no competent proof of any other insurance—that such insurance could only be shown by the production of the policy of insurance itself, or accounting for its absence.

The plaintiffs introduced proofs of loss which set forth, among other things, the policy in the Rockford Insurance Company, dated August 11, 1875, insuring Sarah J. Ryan upon the property in question. Where a party, in proving his loss under a policy, discloses the fact of the existence of another policy, obtained in violation of the conditions of the former, such statement is an admission that dispenses with any other proof against him of such other insurance. *New York Central Ins. Co.* v. *Watson,* 23 Mich. 486, and see *N. A. Fire Ins. Co.* v. *Zaenger,* 63 Ill. 464. And Sarah J. Ryan and John Ryan testified on the trial to this insurance without objection, so far as appears. We are of opinion that proof of the insurance by the Rockford Insurance Company was sufficiently made. And although the subsequent policy insures Sarah J. Ryan alone, we think this avoids the policy equally as if the subsequent insurance had been effected by both the assured. See *Mussey* v. *Atlas Mut. Ins. Co.* 14 N. Y. 79.

It is said that to invalidate the prior policy, the second must be valid, and that the Rockford Insurance Company policy was void by reason of the existence of prior insurance without notice.

There are two sufficient answers to this: 1. There is no proof that the policy of the Rockford Company contained a clause invalidating it, if there were prior insurance without notice. 2. The provision of the policy sued on is, that other

insurance without consent, "*whether valid or not,*" renders the policy void. These words were doubtless inserted to prevent any controversy of the kind suggested. They are not to be disregarded. See *Liverpool, London and Globe Ins. Co.* v. *Verdier,* 35 Mich. 395; *Bigler* v. *New York Central Ins. Co.* 22 N. Y. 402; *Lackey* v. *The Georgia Co.* 42 Ga. 459.

Holding the defence which we have considered, sufficient, it is unnecessary to advert to the other points of defence which are made, one of them being that the suit does not lie in the names of Hulman & Cox.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*