## NORTH BRITISH AND MERCANTILE INSURANCE CO.
### v.
## CHARLES F. STEIGER.

1. INSURANCE—INCREASE OF RISK—QUESTION FOR JURY.—Where at the time insurance was effected, a steam dryer was used, and subsequently a fire dryer was substituted, and it was contended that this materially increased the risk and avoided the policy. *Held*, that it is peculiarly within the province of the jury to determine, under proper instructions, whether or not there was an actual increase of the risk, and whether or not the cause of such increase of risk was in operation at the time of the destruction of the building. The majority of the court are of opinion that this question was properly submitted to the jury, and that there is no occasion to reverse the judgment on that ground.

2. BREACH OF CONDITION OF POLICY AS TO OTHER INSURANCE.—A breach of a condition of a policy sued on, consisted in the fact that appellee had other insurance upon the same property not indorsed nor permitted by appellant. *Held*, that this was clearly in violation of the terms of the condition of the policy, and sufficient to avoid it, unless waived by appellant.

3. WAIVER.—A waiver is a relinquishment of or a refusal to accept some right in which the volition of the party is implied. As the instruction given requires the waiver to consist of some word or act, but of the nature of such word or act necessary to make it a waiver, the jury are nowhere informed, the instruction is misleading and improper.

APPEAL from the Circuit Court of Sangamon county; the Hon. C. S. ZANE, Judge, presiding. Opinion filed September 28, 1883.

Messrs. PALMER, ROBINSON & SHUTT, for. appellant; that the act of the assured in obtaining other insurance beyond the amount permitted by the policy, without the assent of the insurer, renders the policy void, cited Con. Ins. Co. v. Hulman, 92 Ill. 145; May on Insurance, §§ 220, 221.

As to increase of risk: Wood on Insurance, §§ 437, 443.

As to notice and waiver: Ill. Mut. Fire Ins. Co. v. Malloy, 50 Ill. 409; Wood on Insurance, § 366; Mellon v. Hamilton Ins. Co. 65 N. Y. 612; Eureka Ins. Co. v. Robinson, 56 Penn. St. 256; Sykes v. Ins. Co. 34 Penn St. 79; May on Insurance, 2d ed. § 505; Equitable Ins. Co. v. Cooper, 60 Ill. 509.

Questions of fact are for the jury, but the legal effect of facts found by the jury, is for the court: White v. Murtland, 71 Ill. 250.

Messrs. BRADLEY & BRADLEY, for appellee; as to what notice of other insurance is sufficient, cited Sexton v. Montgomery M. Ins. Co. 9 Barb. 191; Brown v. Cattaraugus M. Ins. Co. 18 N. Y. 385; McEwen v. Montgomery Co. Ins. Co. 5 Hill, 101.

As to when the verdict will not be set aside: Lennon v. Goodspeed, 89 Ill. 438; Wiggins Ferry Co. v. Higgins, 72 Ill. 517; Hayes v. Houston, 86 Ill. 487; Lewis v. Lewis, 92 Ill. 237.

McCULLOCH, P. J.    This was a suit brought upon a policy of insurance against loss or damage by fire to a building used by appellee as a hominy mill.    The principal contention arises out of an alleged breach of the conditions of the policy on the part of the assured.

The policy contained the following among other provisions: * * * "If the assured shall have or shall hereafter make any other contract of insurance, whether valid or not on the property hereby insured, or any part thereof, without the consent of the company written hereon; or if the above mentioned premises shall at any time be occupied or used so as to increase the risk, or become vacant or unoccupied and so remain without notice to and consent of this company in writing, or the risk be increased by the erection or occupation of neighboring buildings, or by any means whatever within the control of the assured, without the consent of the company indorsed hereon; * * * then and in every such case this policy shall become void."

At the time this insurance was effected the corn used in the manufacture of hominy was being dried by an apparatus in the building which was operated by steam.    Subsequently, and but a short time prior to the destruction of the building by fire, another dryer called a fire dryer, was substituted for the one formerly in use.    This latter one was placed in a shed erected for the purpose adjoining the building, and by

means of it the heat was applied to the corn directly from the fire. It is contended that this materially increased the risk and avoided the policy. The majority of this court are of opinion that this question was properly submitted to the jury and that there is no occasion to reverse the judgment on that ground. It is peculiarly within the province of the jury to determine, under proper instructions, whether or not there was an actual increase of the risk and whether or not the cause of such increase of risk was in operation at the time of the destruction of the building: Wood on Insurance, 814; Schmidt v. P. M. & F. Ins. Co. 41 Ill. 295; N. E. F. & M. Ins. Co. v. Wetmore, 32 Ill. 221.

The fire in this fire dryer had been extinguished at the time the men quit work on Saturday evening, and the fire by which the building was destroyed took place on Sunday morning about six o'clock. In the Schmidt case, *supra*, the Supreme Court, after giving construction to the language of the policy, say: "The point for the consideration of the jury was, not whether an increase in the number of fires in a building does or does not ordinarily increase the risk, but, whether, in the case then before the court, the risk to the building at the time it was destroyed at eleven o'clock at night, was or was not increased by the two stoves, in one of which there had been no fire for eight days, and in the other none after eight and a half o'clock of the preceding morning. Was the risk to this particular building at the time it was burned, greater in consequence of the presence of these stoves, placed as they were and used in the manner shown by the witnesses? This was a question of fact to be passed upon by the jury, not in reference to the opinions of insurance agents as to the general effect of an increase of fires, but in reference to the facts of this particular case." No satisfactory reason appears in the present case to distinguish it in this respect from that in which the Supreme Court use the language just quoted.

A second breach of the foregoing conditions of the policy sued on is said to consist in the fact that appellee had other insurance upon the same property, not indorsed upon nor permitted by it. The amount of other insurance permitted by

this policy, as appears upon its face, was $1,500. The evidence very clearly shows that at the time it was issued, appellee had other insurance upon the same property to that amount at the least, and possibly more; that the same was subsequently renewed and increased to a much larger sum, and that it continued in force when so increased, until the time the building was destroyed. This was clearly in violation of the terms of the conditions of the policy and sufficient to avoid it, unless waived by appellant. Continental Ins. Co. v. Hulman, 92 Ill. 145.

Upon the question of waiver the evidence is very meager. When Gehlman, the agent of appellant, called upon appellee to get a renewal of the policy sued on, he inquired of him how much insurance he was carrying, to which appellee replied that he had insured with Hawley & Grant and Gen. McConnell; that he had insured with Glidden, predecessor to Gehlman, and when asked how much he was insured, he said Hawley & Grant and Gen. McConnell were the only ones he insured with outside—to go to them for general information. Gehlman, the agent, says, that appellee never referred him to Hawley & Grant to know the amount of other insurance; that he never knew of the additional insurance until the afternoon of the fire, but that he knew that appellee had other insurance on the same property at the time he issued this policy. The point of inquiry, therefore, seems to have been two-fold; first, was there at the time of the issuing of this policy, other insurance upon the same premises to an amount greater than that permitted by the policy sued on, and whether that fact was then known to appellant's agent? Secondly, was the amount of insurance upon the premises insured, increased after this policy issued to an amount forbidden by its terms, and if so had the agent of appellant knowledge thereof, or did any other circumstance in evidence show a waiver of this condition? That the amount of insurance carried on this same property by the German American Insurance Company was subsequently increased from $500 to $1,750 admits of but little doubt; while so far as we can see from the evidence, this fact had not become known to the agents of appellant

until after the building was destroyed. At the same time appellee had a policy in the Hamburg Magdeburg Fire Insurance Company of $1,000 on the same property. It is true the sums so insured were apportioned somewhat to different parts of the risk, but not so as to do away with this objection. We are unable to see from the record now before us any suf-. ficient evidence of a waiver of this condition of the policy sued upon after this new insurance was effected.

The court instructed the jury on the part of appellee to the effect, that even if appellee had violated this condition of the policy, yet appellant could not insist upon a forfeiture of the policy on that account, and thereby escape payment of the loss; if they had by word or act waived their right to do so and if the jury believed from the evidence that appellant had so waived its right, they should find for the plaintiff. To say nothing of the fact that this instruction ignores all other defenses, we are of the opinion that, in view of the evidence in the case, it allowed the jury entirely too much latitude upon the question of waiver. It generally requires some knowledge of existing facts constituting a breach of condition, in order to charge a contracting party with a waiver of such condition. A waiver is a relinquishment of, or a refusal to accept some right, in which the volition of the party is implied. The instruction in question requires the waiver to consist of some word or act, but of the nature of such word or act necessary to make it a waiver the jury are nowhere informed. We are of the opinion this instruction was misleading and ought not to have been given. For the reasons above given the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

Davis, J., dissents. I think the judgment below should be affirmed.

Higbee, J. I concur in reversing the judgment in this case, but I am unable to agree with that part of the opinion which approves of the finding of the jury in reference to the

increase of risk caused by certain improvements after the policy was issued.

I think the fire dryer with fire-box under it, substituted for the steam dryer and the erection of buildings over them, adjoining the mill building, greatly increased the risk of the insurer, in violation of the express terms of the policy; and although this is a question of fact for the jury to determine, their finding must be supported by the evidence, and I fail to find any evidence in this record to justify the verdict. For this reason I think the court below erred in refusing a new trial as well as for the reasons assigned in the opinion of my associate.