### Carlie Dimmick, Plaintiff in Error, v. Aetna Insurance Company, Defendant in Error.

1. INSURANCE, § 226*—*when existence of other fire insurance avoids policy.* A clause in a fire insurance policy, that it shall be null and void if at the time of loss there shall be other insurance covering the same risk, will prevent recovery where the property was insured in another company against fire and theft by a policy containing a covenant against other insurance on the same risks without the consent of the insurer, as the second policy is not declared void for breach of covenant and the risk is not the same.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. Insurance, § 120*—*when party not favored in construction of contract.* In the absence of ambiguity in an insurance contract, neither party can be favored in its construction.

3. Insurance—*when other existing insurance avoiding fire policy shown.* Proof of the existence of other insurance so as to void the first policy is sufficiently established, by the plaintiff herself introducing the second policy expressly covering the same risk.

Error to the City Court of East St. Louis; the Hon. H. L. Browning, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed April 12, 1919.

F. B. Hanna and M. Millard, for plaintiff in error.

Maurice V. Joyce and Leahy, Saunders & Baeth, for defendant in error.

Mr. Justice Boggs delivered the opinion of the court.

Suit was instituted in the City Court of East St. Louis by plaintiff in error, hereinafter called plaintiff, against defendant in error, hereinafter called defendant, to recover for a loss by fire of a Ford automobile under an insurance policy issued by defendant. At the close of plaintiff's evidence, on motion of defendant, the court directed a verdict in favor of defendant and rendered judgment in bar of action and for costs.

The declaration consists of one count, being the ordinary assumpsit count for fire loss under an insurance policy. To said declaration defendant filed a plea of the general issue and a special plea averring that the fire insurance policy sued on, among other things, provided: "It is a condition of this policy that it shall be null and void, if at the time a loss occurs there be any other insurance covering against the risks assumed by this policy which would attach if this insurance had not been effected," and averring that at the time of the alleged loss sued for there existed other insurance covering the risk assumed by the policy sued on and that the second policy was issued without the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

consent, approval or knowledge of the defendant and contrary to the provisions of said policy. A replication was filed by plaintiff to the special plea alleging that she, plaintiff, did not have any other insurance on said automobile at the time it was destroyed and concluding to the country.

The record discloses that the policy sued on was issued on or about the 3rd day of July, 1917, and that thereafter on the 9th day of July, 1917, a policy of insurance was issued to plaintiff on said automobile by the Illinois Automobile Fire Insurance Exchange of Bloomington, Illinois. Said last-mentioned policy of insurance, in addition to insuring plaintiff against loss by fire, also insured her against loss by theft, robbery or "pilferage."

While other errors were assigned on the record, it is conceded by plaintiff in her brief that "the principal question is whether the issuing of the second policy rendered the policy here sued on void and would defeat a recovery."

The Bloomington policy, being the second one issued, contains the following covenant: "It is hereby agreed by the insured that no other insurance covering against the risks assumed hereunder will be carried in any other Company or Association without the consent of the Exchange." It is the contention of counsel for plaintiff that the covenant not to carry any other insurance covering the risks covered by the policy sued on rendered the Bloomington policy void and of no effect for the reason that plaintiff already had insurance on her automobile, namely, the policy issued by defendant, and that, by reason thereof, the conditions of the policy sued on against other insurance would not be violated.

It will be observed, on examination of the two policies, that the policy sued on contains a condition which if violated renders the policy null and void; whereas the provision in the second, or Bloomington,

policy is no more than a covenant against taking other insurance, and no provision is made in this second policy in terms making the same void should the covenant be violated. It will also be observed with reference to the second, or Bloomington, policy that the provision with reference to taking other insurance is that the same shall not be taken on the risk assumed by said policy. As stated above, the Bloomington policy, in addition to covering loss by fire, also contains a clause insuring against loss by theft, robbery and pilfering, so that the two risks are not identical.

The record in this case discloses that the automobile had been stolen and after it was stolen it caught fire and burned, so that so far as the record discloses, plaintiff might have a right of action under the Bloomington policy for the loss of her automobile by theft. We are inclined to the opinion that in the absence of any showing that the Bloomington Company has not received notice of the policy issued by defendant, and the covenant in the second policy being one only against other insurance covering the same risks covered by that policy, it was not rendered void by reason of the fact of the policy issued by defendant to plaintiff, sued on in this case. If we are correct in this holding then it follows that the issuing of the Bloomington policy being a fire policy as well as theft and robbery policy, and covering the risks covered by the policy sued on, would, under the conditions above set forth, render the policy sued on null and void.

In *Continental Ins. Co. v. Hulman & Cox*, 92 Ill. 145, in a suit brought on an insurance policy containing a provision to the effect, ''if the assured shall have, or shall hereafter make any other contract of insurance, whether valid or not, on the property hereby insured, or any part thereof, without the consent of the company written thereon, then, and in every such case, this policy shall become void.''

The record in that case discloses that after the making of the policy sued on, the insured applied for and

obtained another policy of insurance from the Rockford Insurance Company, and the issue was raised as to whether or not the taking of the Rockford Insurance Company policy rendered void the policy sued on. The Supreme Court at page 153 says: "It was shown by the defendant that it had no knowledge of, and never consented to, this other insurance (Rockford Insurance Company policy).

"One of the defenses set up was, that the policy sued on had been made void by the other insurance in the Rockford Insurance Company. We are of the opinion that this defense was maintained.

"There was here another contract of insurance on the property insured, made by the assured with the Rockford Insurance Company without the consent of the defendant written on the policy in suit, and it was an express condition of the policy that in every such case the policy sued on should become void."

In the case of *North British & Mercantile Ins. Co. v. Steiger,* 13 Ill. App. 482, the court at page 484 says: "A second breach of the foregoing conditions of the policy sued on is said to consist in the fact that appellee had other insurance upon the same property, not indorsed upon nor permitted by it. The amount of other insurance permitted by this policy, as appears upon its face, was $1,500. The evidence very clearly shows that at the time it was issued, appellee had other insurance upon the same property to that amount at the least, and possibly more; that the same was subsequently renewed and increased to a much larger sum, and that it continued in force when so increased, until the time the building was destroyed. This was clearly in violation of the terms of the conditions of the policy and sufficient to avoid it, unless waived by appellant." Citing *Continental Ins. Co. v. Hulman & Cox, supra.*

The language used in the condition against other insurance in the policy here sued on, making the policy null and void if other insurance is taken, is clear and

unequivocal. Where there is no ambiguity in the terms of an insurance contract, neither party can be favored in its construction, and if the stipulations are such as the parties might lawfully make, it is the duty of the court to enforce them. *Norwaysz v. Thuringia Ins. Co.*, 204 Ill. 334; *Martin v. Illinois Commercial Men's Ass'n*, 195 Ill. App. 422.

We are therefore of the opinion and so hold that the policy taken out by plaintiff in the Bloomington Company was a violation of the condition against other insurance in the policy sued on, and rendered the policy null and void, inasmuch as there is nothing in the evidence tending to prove that defendant had any notice or consented to the taking out of the second policy.

It is urged by plaintiff that the defendant made no proof under its special plea that any other insurance had been taken out by plaintiff on her automobile. This proof was made by plaintiff herself, as the Bloomington policy was offered in evidence by her, and it therefore rendered unnecessary the making of the proof by the defendant. *Continental Ins. Co. v. Hulman & Cox, supra.*

Finding no reversible error in the judgment of the trial court, the same will be affirmed.

*Judgment affirmed.*