John Barwick for use of Mrs. A. P. Lager, Appellee, v. Westchester Fire Insurance Company of New York, Appellant.

Opinion filed June 9, 1932.

STONE & FOWLER, for appellant.

A. D. MORGAN and DENISON & SPILLER, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

John Barwick, the vendee in a contract for the sale of a farm in Williamson county, owned by Mrs. A. P. Lager, on April 21, 1925, took out a policy of insurance, in his own name, on the dwelling house upon such land, in the sum of $1,500, with the Westchester Fire Insurance Company, appellant herein. The policy was procured and paid for by Barwick. On June 19, 1925, the amount of the risk was reduced to $1,250, evidenced by a rider attached to the policy. Mrs. Lager is not referred to in the body of the policy; however, in a rider attached thereto, appeared the following: "Notice is received and accepted that the within described property has been sold on contract, loss, if any, payable to Mrs. A. P. Lager and John Barwick, as their interest may appear, subject to all the terms of this policy."

One condition of the policy was stated: "If now or hereafter there be other insurance, whether valid or

not, on any property hereby insured, . . . then and in such case this entire policy shall be void, unless otherwise provided by agreement endorsed hereon.''

On April 20, 1926, the dwelling house covered by such indemnity was totally destroyed by fire. The insurer disclaimed any liability, and this suit was instituted in the name of Barwick for the use of Mrs. Lager.

The declaration was twice amended to meet objections raised thereto by demurrer, after which the insurance company pleaded the general issue, and several special pleas, to all of which latter the plaintiff demurred, and the court having sustained the demurrers, defendant elected to stand by its pleas. There was a trial before a jury, a verdict for plaintiff in the sum of $1,564.21, upon which the court rendered judgment, and this appeal has been perfected to reverse the same. By a proper assignment of error the defendant below, appellant here, questions the ruling of the trial court in sustaining demurrers to the special pleas.

The fourth of such pleas sets out the provision of the policy above quoted, which avoids the contract if other insurance should be placed on the insured premises, except by agreement indorsed thereon, and further averred that Barwick, on September 2, 1925, without the consent or knowledge of the insurer, took out other insurance on the dwelling house, in the sum of $500, through a policy issued to him by the National Union Fire Insurance Company, for the period of five years; that such action was contrary to the provisions of the policy sued upon, and in consequence the contract of insurance thereby became void.

In determining whether the plea presented a defense to the action, it is necessary to refer to the policy, whose terms are clear and unambiguous, to ascertain who was thereby insured, and whose interest was in fact indemnified against loss.

The policy provided that the appellant "does insure John Barwick for the term of five years." He procured the insurance and paid the premium. It is therefore apparent that Barwick was the party insured, unless the effect of the loss payable clause, set out in the attached rider, was to indemnify the interest of Mrs. Lager.

Similar clauses have been construed, where the payee has been vendor, mortgagee and creditor, and the decided weight of authority is that where the clause, in substance, provides that the loss, if any, is payable to a specified third party, and there are no further provisions in the policy or payment clause, creating a different relation, such person is not a party to the contract, and the clause does not amount to an insurance of the payee's interest in the property. The party designated is merely an appointee to receive the sum which might be recovered by the insured in case of loss, to the extent of the appointee's interest therein. The payee has no direct rights against the insurer, but recovers, if at all, solely in the right of the insured, and only when the latter has a valid and enforceable demand under the policy.

The clause, in effect, is the covenant of the insurer to pay to the appointee any loss to which the insured might be entitled by virtue of the contract, to the extent of the payee's interest. *Continental Ins. Co. v. Hulman & Cox*, 92 Ill. 145; *Auto Owners' Protective Exchange v. Edwards* (Ind. App.), 136 N. E. 577; *Coffin v. Northwestern Mut. Fire Ass'n* (Idaho), 249 Pac. 89; *Franklin Savings Institution v. Central Mut. Fire Ins. Co.*, 119 Mass. 240; *Rankin v. Amazon Ins. Co.*, 89 Cal. 203, 26 Pac. 872; 26 Corpus Juris, 273.

Hence it seems clear that the contract here sued upon did not insure any interest of Mrs. Lager, and that she can only recover, as a designated payee, if a right of recovery existed as to Barwick.

Moreover, it has been uniformly held that a loss payable clause, such as the one in question, places the indemnity of the appointee at the risk of every act and omission of the insured that would void, terminate or adversely affect the insurance of the latter's interest under the policy, and that if the insured is guilty of some breach of the covenants or clauses of the contract, which the policy stipulates shall avoid the insurance, so that the loss is not collectible by him, it likewise will prevent the appointee from recovering upon the loss payable clause. *Continental Ins. Co. v. Hulman & Cox, supra; Delaware Ins. Co. v. Greer,* 120 Fed. 916; *Keith v. Royal Ins. Co.,* 117 Wis. 531, 94 N. W. 295; 14 Ruling Case Law, 1084.

Under the rule as stated, it is manifest that Mrs. Lager had a right of recovery, only if such right existed in Barwick, and if the latter had by violation of the terms of the policy forfeited his right to collect for a loss sustained, then no claim therefor remained in Mrs. Lager.

The plea averred that Barwick had violated the condition of the policy, which prohibited taking out other insurance without the agreement of the insurer. By the terms of the contract, such action avoided his right to indemnity for any loss sustained. This defense, if proven, barred a recovery as against the insured, and under the rule of the authorities cited, would likewise preclude Mrs. Lager from maintaining her action. The plea presented a defense to the suit, and the court erred in sustaining the demurrer thereto.

Appellant has raised other questions. However, in view of our conclusion upon the foregoing assignment of error, we do not deem it necessary to discuss them.

The judgment is reversed, and the cause remanded, with directions to overrule the demurrer to appellant's fourth plea.

*Reversed and remanded with directions.*