◼ In the Matter of RITA M. ASSEO, Respondent. FRANCES M. SCHAUMBERGER, Appellant; ALFRED A. PANTALEONE, Respondent.—In a proceeding to settle the final account of coconservator Rita Manheim Asseo, the contestant Frances Manheim Schaumberger appeals from an order of the Su-

preme Court, Kings County (Leone, J.), dated June 21, 1987, which, after a hearing, granted the petition and judicially settled the account.

Ordered that the order is modified, on the law and the facts, by deleting the first decretal paragraph thereof and substituting therefor the following, "ORDERED that said Final Account be and the same is judicially settled and allowed as follows: (1) The conservator Rita Manheim Asseo is charged with the amounts shown on Schedule 'A' from November 1, 1981, to February 17, 1984, in the amount of $36,733.85; and (2) the conservator is given credit for the expenditures made on behalf of the conservatee in the sum of $70,256.48, leaving a deficit of $33,522.63"; as so modified, the order is affirmed, with costs to the appellant payable by the petitioner-respondent and the respondent-respondent.

We agree with the appellant's contention that the credits and charges for expenditures and receipts of the conservatee's assets which occurred prior to the appointment of the petitioner coconservator are not properly a part of the final accounting which was required upon the death of the conservatee. Similar to the judicial settlement of the account of the committee for an incompetent, which is an analogous proceeding (see, Mental Hygiene Law § 78.29; 66 NY Jur 2d, Infants and Other Persons Under Legal Disability, § 332), "[t]he accounting should be confined to money and property coming into the hands of the [conservator] in his official, as distinguished from his individual, capacity" (18 Carmody-Wait 2d, NY Prac § 109.139 at 202; see also, Matter of Mannerheim, 175 Misc 126). Accordingly, the Supreme Court erred to the extent of including in the final accounting the income received in the amount of $7,391.14 and charges incurred in the amount of $20,633.05 which occurred prior to the petitioner coconservator's appointment on November 1, 1981.

Upon the facts of this case, the petitioner coconservator was entitled to the amounts which she and her son expended after her appointment from their own property in order to provide for the conservatee (see, Matter of Grant, 98 AD2d 747). Under the particular circumstances of this case reimbursement of these claims is warranted since these expenses appear to have been for the conservatee's necessaries, comfort and preservation of his estate. The facts were established after an extensive hearing, which was attended by all interested parties, and which was conducted pursuant to Mental Hygiene Law § 77.31, during the course of which the petitioner coconservator accounted for these necessary expenses. The expenditures

which we conclude, based on the Referee's findings, should be credited to the petitioner coconservator are; (1) nursing services in the amount of $46,860; (2) laundry services in the amount of $1,570; (3) gardening services in the amount of $215; (4) gas, electric and heating expenses in the sum of $6,233.88; (5) telephone services in the amount of $839.51; (6) homeowner's insurance in the amount of $1,180; (7) real estate taxes in the sum of $661.61; (8) water and sewer taxes in the sum of $266.47; (9) bank charges in the amount of $147.86; (10) doctor bills, medicine and medical supply expenses in the sum of $1,259.15; (11) oil burner expenses in the sum of $2,500; (12) sundry expenses in the sum of $660; (13) funeral expenses in the sum of $2,957; and (14) food expenses in the sum of $4,906 ($7,359 less $2,453 for the petitioner coconservator's meals). In total, the petitioner coconservator is therefore entitled to a credit of $70,256.48.

We further conclude, however, that the petitioner coconservator should have been charged with the receipt of $7,029.79 which was the balance in the conservatee's bank accounts on the date of her appointment as well as the sum of $3,822 received from the sale of the conservatee's scrap gold. Accordingly, the income charged to the petitioner coconservator should be increased by $10,851.79.

Based on the aforesaid calculations, the petitioner coconservator should be charged with the amount of $36,733.85 and be given credit for the expenditures made on behalf of the conservatee in the amount of $70,256.48, leaving a deficit owed the petitioner in the amount of $33,522.63. Mollen, P. J., Mangano, Bracken and Lawrence, JJ., concur.